UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
James Brown et al.,

                              Plaintiffs,    MEMORANDUM AND ORDER
                                                  Case No. 03-cv-5175 (TLM)

       -against-

Tomcat Electrical Security, Inc. et al.,

                              Defendants,
--------------------------------------------------------------- X

**TUCKER L. MELANÇON, Senior United States District Judge:**

      Before the Court is defendants Tomcat Electrical Security, Inc., Peter Paterno and Michael Jerimillo's Motion [Rec. Doc. 116] requesting resolution of open pretrial issues. The issues that require resolution are: (1) the time period to which the scope of the trial has been limited; (2) the method that will be used for calculating FLSA damages; (3) the admissibility of plaintiffs' proposed exhibits relating to prevailing rates schedules; (4) the admissibility of any testimony of school custodians; and (5) the adoption of defendants' proposed jury instructions and special interrogatories.

**I.    Time Period to which the Scope of the Trial has been Limited**

      United States District Judge Frederic Block's Order of August 27, 2007 ("8/27/07 Order") [Rec. Doc. 88], *see also Brown v. Tomcat Electrical Security, Inc.*, 2007 WL 2461823 (E.D.N.Y.2007), dismissed all of plaintiffs' claims relating to work performed before January 2002 ("pre-02 claims"). Judge Block held that all pre-02 claims were, at least in part, "prevailing wage claims," i.e. that a Court could not adjudicate them without impermissibly making "prevailing wage"

1

determinations,[1] and thus outside the jurisdiction of this Court.

Judge Block made no such finding, however, with regard to any claim relating to work performed in January 2002 or thereafter ("02-03 claims"). In fact, he explicitly found that "plaintiffs' [02-03 claims], unlike their [pre-02 claims], can be determined...without delving into the issue of what rate defendants were legally obligated to pay for the first 40 hours of work each week on school jobs, which, again, is the exclusive province of the Comptroller." 8/27/07 Order, at 13. Judge Block did not find that plaintiffs' 02-03 claims impermissibly implicated prevailing wage determinations, nor did he dismiss or narrow them for any other reason. Those claims can, and will, be adjudicated solely as Fair Labor Standards Act (FLSA) overtime claims.

Defendants suggest that plaintiffs' 02-03 claims should be limited to the weeks in which plaintiffs were actually paid for 40 hours of work at prevailing wages. They argue that awarding FLSA damages for any other weeks, which would inevitably be calculated using "regular rates" that were below prevailing wage, would be illogical.[2] The Second Circuit, in *Grochowski*, affirmed the legality of just such a remedy under similar circumstances. *See Grochowski v. Phoenix Const.*, 318 F.3d 80 (2d Cir.2003).

In *Grochowski*, employees who claimed both (1) that they were not compensated for

---

[1] Pursuant to New York law, determinations of the prevailing wage to which an employee is entitled may only be made by the appropriate state or municipal fiscal officer, N.Y. Lab. Law § 220, which in this case is the New York City Comptroller. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (FLSA), under which plaintiffs also bring claims, does not provide for the judicial vindication of any statutory right to be paid a prevailing wage. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir.2003).

[2] They also claim, in a bit of attempted legal jujitsu, that *plaintiffs'* counsel argued at one point in this proceeding that using sub-prevailing "regular pay" rates in calculating overtime would be unlawful. *See* 8/27/07 Order, at 12. To the degree to which plaintiffs' counsel made that argument, however, plaintiffs' counsel was incorrect, as discussed *infra*.

2

overtime and (2) that they were paid sub-prevailing wages (in violation of the Davis-Bacon Act, 40 U.S.C. § 276a *et seq*.) were awarded overtime pay and damages under FLSA, with all FLSA calculations made using "the hourly rates actually paid." *Id.* at 87. The Second Circuit held that the employees' Davis-Bacon prevailing wage claims were rightly dismissed for lack of jurisdiction, as such grievances may only be brought under the Act's statutory administrative mechanisms, and affirmed the FLSA overtime award as calculated (that is, as calculated using sub-prevailing rates). *Id.*

Here, as in *Grochowski*, FLSA overtime claims may be adjudicated using the regular hourly rates actually paid to plaintiffs, and non-justiciable prevailing wage grievances may be set aside without poisoning the FLSA claims. An award in this action calculated using sub-prevailing rates would conflict with New York prevailing wage law no more than the award in *Grochowski* conflicted with the Davis-Bacon Act.

## II. FLSA Damages Calculations

FLSA requires that an employee be compensated for the overtime he works[3] "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Under the FLSA regulations, an employee is to be compensated based on a regular rate calculated by dividing total compensation received by total hours worked. 29 C.F.R. §§ 778.109, 778.308. Where an employee is paid at different rates, the regular rate is generally a weighted average, calculated simply by dividing total compensation by total hours worked. 29 C.F.R. § 778.115. A willful violation of FLSA's overtime provision entitles the employee to double damages. 29 U.S.C.

---

[3]There are exceptions to the overtime requirement, but there is no suggestion that any applies here.

§ 216(b) ("Any employer who violates [§ 207] shall be liable to the employee or employees affected in the amount of...their unpaid overtime compensation...and in an additional equal amount as liquidated damages.")

Plaintiffs' FLSA awards, accordingly, will be calculated using their "regular rates." As plaintiffs' hours and wages undisputedly varied by week, each plaintiff's regular rate will be calculated for each week during the period at issue. Following a factual determination at trial (or stipulation beforehand) as to the number of hours that plaintiff worked during that week, and the amount he was paid for the week, his regular rate will be calculated by dividing total compensation by total hours worked. His unpaid overtime wages for that week will then be calculated by multiplying the number of overtime hours he worked (that is, the number of hours he worked in excess of 40) by one half of his regular rate. His FLSA damages for that week will be double that number (i.e., his unpaid overtime compensation plus liquidated damages).[4]

### III. Exhibits Relating to Prevailing Wage Schedules

As the 8/27/07 Order clearly barred the adjudication of prevailing wage claims in this action, neither this Court nor the jury will consult prevailing wage schedules at any point in this proceeding. All FLSA damages calculations will be made from plaintiffs' actual regular rates of pay, which will be determined for each plaintiff, for each week, as matters of historical fact. Therefore, all evidence relating to prevailing wage schedules is irrelevant and will be excluded.

### IV. Testimony of School Custodians

---

[4]For example, if the jury finds that Plaintiff A worked 50 hours during Week 1 and was paid $500 for that week, his regular rate will be $10/hour, his unpaid overtime wages will be $50 (that is, 10 overtime hours * $5/hour unpaid overtime wage premium), and his FLSA damages for Week 1 will be $100.

4

According to the parties' Joint Pretrial Order [Rec. Doc. 107], plaintiffs propose to offer testimony of three public school employees, Clifton Hall, Bob Rubin, and Louis Anthony Gonzalez, that will show that plaintiffs "work[ed] for Tomcat at their respective schools during the period 2000-02...and were not paid prevailing wages."

These employees will be allowed to testify as to the number of hours any plaintiff worked during any week in 2002 or 2003, if they have personal knowledge thereof. They may also testify as to the hourly wages any plaintiff *was actually* paid for that work, if they have personal knowledge thereof.

They may not give any testimony relating to any period prior to 2002, as all pre-02 claims have been dismissed. They also may not give any testimony relating to prevailing wages or to what any plaintiff *should have been* paid for his work under prevailing wage law, as the 8/27/07 Order clearly barred the adjudication of prevailing wage claims in this action.

## V. Jury Instructions and Interrogatories

The Court will finalize the jury instructions and jury interrogatories to be used in this matter as the trial thereof approaches.

**SO ORDERED.**

Tucker L. Melançon
United States District Judge

May 14, 2010
Brooklyn, NY